Filed 7/16/24  P. v. Greer CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B329995 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA187860) |
| v. | |
| RONNIE JOE GREER, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Mildred Escobedo, Judge.  Reversed and remanded with instructions.

William G. Holzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill and Nima Razfar, Deputy Attorneys General, for Plaintiff and Respondent.

_____

## INTRODUCTION

Ronnie Greer appeals the trial court's order resentencing him under Penal Code section 1172.75.[1]

Greer was convicted of escaping from custody in 2000. He was sentenced to six years, imposed consecutively to a separate sentence of 35 years to life on burglary charges.

In 2023, the California Department of Corrections and Rehabilitation (CDCR) identified Greer's escape conviction as eligible for section 1172.75 resentencing. At the resentencing hearing, the trial court agreed Greer was eligible for resentencing and reduced Greer's sentence from six to four years. Greer was not present at the hearing and was not represented by counsel. Believing Greer had already served his sentence for escape concurrently to his indeterminate sentence for burglary, the court stated it would not appoint counsel for Greer and had not obtained Greer's waiver of the right to be present at his resentencing proceedings.

Greer argues the trial court erroneously denied him the statutory right to appointed counsel and his statutory and constitutional right to be present at resentencing. The People concede the errors. We agree and remand for a full resentencing in accordance with section 1172.75.

---

[1] All undesignated statutory references are to the Penal Code.

## FACTUAL AND PROCEDURAL BACKGROUND

A.     *Greer's Convictions and Sentences*

In 1999, Greer was charged with escape from a reentry facility (§ 4530, subd. (b)).  The information also alleged Greer had two prior strike convictions (§§ 1170.12, subds. (a)-(d); 667, subds. (b)-(i)), and had served two prior prison terms (§ 667.5, subd. (b)).  After a bench trial, the trial court found Greer guilty of this count and found the special allegations true.

Before trial and sentencing on his escape conviction, Greer was separately convicted in January 2000 of two counts of first degree burglary and sentenced to 35 years to life.  Greer was sentenced on the escape charge in May 2000.  He received a six-year prison term:  a middle term of two years, doubled by a prior strike enhancement (§§ 1170.12, subds. (a)-(d); § 667, subds. (b)-(i)), plus one year for each of two prior prison term allegations under section 667.5, subdivision (b).  Greer's sentence for escape was imposed consecutive to his life term for burglary.

B.     *Section 1172.75 Proceedings*

On February 8, 2023, CDCR identified Greer's case for resentencing review pursuant to former section 1171.1, now section 1172.75.  The trial court considered Greer's eligibility for section 1172.75 resentencing on February 16.  The court issued a tentative ruling as follows:

> [P]ursuant to [section 1172.75] the court intends to strike the one year priors and resentence the defendant to 4 years.  Pursuant to statute the court must set this matter for hearing, have defendant

3

transported from wherever he is housed in the state of California, have all counsel and defendant present for OSC.

However, defendant on this matter concluded this sentence on or about 5-12-2006. The defendant is not in custody on this matter and defendant is in prop[r]ia persona, therefore, the court grants the petition for resentence and modifies the abstract and minute order to reflect that the defendant is resentenced to 4 years which expired on or about 2004.

[. . .] The court shall not set this matter for hearing as this court finds that the defendant will not be harmed nor prejudiced by not having a hearing scheduled and because this case has concluded on or about 5-12-2006 and defendant is not in custody on this matter.

On March 17, 2023, the court recalled Greer's previous sentence and re-imposed a middle term sentence of four years. Greer was not present at the hearing, nor was he represented by counsel. The court noted, "The court issued an order on 2/16/23, and sent that out to Mr. Greer in state prison. The problem, however, is that I don't have anything from Mr. Greer that says, 'Okay,' Okay with us simply going forward without him." Nevertheless, the court stated, "this is harmless error to not have Mr. Greer present."

Greer timely appealed.

4

**DISCUSSION**

A.  *Legal Background and Standard of Review*

"Prior to January 1, 2020, section 667.5, subdivision (b) required trial courts to impose a one-year sentence enhancement for each true finding on an allegation the defendant had served a separate prior prison term and had not remained free of custody for at least five years." (*People v. Burgess* (2022) 86 Cal.App.5th 375, 379-380.)  "Senate Bill No. 483 added section 1171.1 to the Penal Code, which was subsequently renumbered without substantive change as section 1172.75.  [Citation.] Section 1172.75, subdivision (a) provides that '[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid.'  (§ 1172.75, subd. (a).)  Once the [California] Department of Corrections and Rehabilitation identifies those persons 'currently serving a term for a judgment that includes an enhancement described in subdivision (a)' to the sentencing court, 'the court shall recall the sentence and resentence the defendant.'  (§ 1172.75, subds. (b) & (c).)" (*People v. Monroe* (2022) 85 Cal.App.5th 393, 399.)

"Section 1172.75, subdivision (d)(1), states that the resentencing 'shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety,' and further, resentencing 'shall not result in a longer sentence than the one originally imposed.'" (*People v. Garcia* (2024) 101 Cal.App.5th 848, 855.)  The resentencing court must

5

apply "any other changes in law that reduce sentences or provide for judicial discretion" and "may consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice." (§ 1172.75, subds. (d)(2) & (d)(3).)

By its own terms, section 1172.75 ensures the defendant's "right to be present, represented by counsel, and present evidence at the hearing." (*People v. Montgomery* (2024) 100 Cal.App.5th 768, 773 (*Montgomery*), review granted May 29, 2024, S284662; see § 1172.75, subds. (d)(3), (d)(5), & (e).) Additionally, the California and federal constitutions guarantee the defendant's right to be personally present at all critical stages of criminal proceedings, including sentencing and resentencing. (See *People v. Velasco* (2023) 97 Cal.App.5th 663, 673-674 (*Velasco*) [§ 1172.75 proceeding]; *People v. Santos* (2024) 100 Cal.App.5th 666, 677, review granted May 29, 2024, S284341 (*Santos*) [same].)

A defendant's statutory and constitutional right to be present at resentencing "may be waived." (*Velasco, supra*, 97 Cal.App.5th at p. 673; accord, *Santos, supra*, 100 Cal.App.5th at p. 677.) Such a waiver must be voluntary, knowing and intelligent. (See *Santos*, at p. 677; see also § 977, subd. (b) [providing for waiver of defendant's right to be present at sentencing].) "[D]efense counsel may waive the defendant's presence, 'but only if there is evidence that the defendant

6

consented to the waiver. [Citations.] At a minimum, there must be some evidence that the defendant understood the right he was waiving and the consequences of doing so.'" (*Santos*, at pp. 677-678; see § 977, subd. (b)(2), (b)(2)(A)-(B).)

"'Under the federal Constitution, error pertaining to a defendant's presence is evaluated under the harmless-beyond-a-reasonable-doubt standard set forth in *Chapman v. California* (1967) 386 U.S. 18, 23 . . . .' [Citations.] 'Under that standard, the error "may be deemed harmless only if we can conclude beyond a reasonable doubt that the deprivation did not affect the outcome of the proceeding."'" (*Santos*, *supra*, 100 Cal.App.5th at p. 678; accord, *Velasco*, *supra*, 97 Cal.App.5th at p. 674.) We assess denial of a statutory right to counsel in resentencing proceedings under the *Watson* standard for state-law error: whether there is a reasonable probability that, in the absence of the error, the defendant would have obtained a more favorable result. (See *People v. Lewis* (2021) 11 Cal.5th 952, 957-958 (*Lewis*), citing *People v. Watson* (1956) 46 Cal.2d 818, 836 (*Watson*).)

B. *The Trial Court Denied Greer's Right to Be Present and His Right to Appointed Counsel at the Resentencing Hearing, and the Error Was Not Harmless*

Greer asserts, the People concede, and we agree the court prejudicially erred by resentencing Greer without appointing counsel and without Greer's presence in court or a valid waiver of his presence. The court noted Greer was absent from the proceeding and had not waived his right to be present. Although the court stated there was "a public defender here," the court did not appoint counsel for Greer or hear argument from Greer.

7

Proceeding with resentencing under these circumstances was contrary to Greer's constitutional and statutory rights. (See *Montgomery*, *supra*, 100 Cal.App.5th at p. 773; *Velasco*, *supra*, 97 Cal.App.5th at pp. 673-674; see also § 1172.75, subds. (d)(5), (e).)

These errors were not harmless. (See *Santos*, *supra*, 100 Cal.App.5th at p. 678, citing *Chapman v. California* (1967) 386 U.S. 18, 23 (*Chapman*); see also *Lewis*, *supra*, 11 Cal.5th at p. 974, citing *Watson*, *supra*, 46 Cal.2d at p. 836.) Although the court believed Greer had already served his sentence on the escape conviction, Greer's sentence for escape was imposed consecutive to his indeterminate life sentence, such that resentencing on the escape conviction would affect Greer's total time in custody. Further, at his resentencing hearing Greer was not present, and he did not have counsel or the opportunity to present any argument or evidence. Greer avers that he could have "offered evidence about his rehabilitation efforts in prison over the past 24 years," "argued that the strike allegation should be dismissed because it is more than 30 years old," or "asked the court to impose the low term." (See *Velasco*, *supra*, 97 Cal.App.5th at p. 674 [defendant's absence from resentencing not harmless error because he "was not able to present evidence of any of [section 1172.75's postconviction] factors"].) We conclude Greer's inability to be present at his hearing and to have counsel present such evidence and arguments was not harmless beyond a reasonable doubt. (See *Chapman*, at p. 23.) It is also reasonably probable that appointed counsel would have obtained a more favorable result by assisting Greer in presenting postconviction evidence and clarifying the details of Greer's sentence for the court. (See *Watson*, at p. 836.) Therefore, as the

8

People concede, Greer is entitled to a full resentencing hearing, including the appointment of counsel, the opportunity to be present at the hearing, and to offer postconviction evidence. (See *Velasco*, at p. 674.)

## DISPOSITION

The resentencing order is reversed and the matter is remanded to the trial court with instructions to conduct a full resentencing hearing consistent with section 1172.75.


MARTINEZ, P. J.

We concur:


FEUER, J.


STONE, J.